David Wynn (DW 8660)
ARENT FOX LLP
1675 Broadway
New York, NY 10019
(212) 484-3900
FAX (212) 484-3990

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-24-08
```

Attorneys for Plaintiff
ORGANOGENESIS, INC.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ORGANOGENESIS, INC., | Civil Action No. 08CV875 (AKH) |
| Plaintiff, | Order to Show Cause |
| -against- | |
| ADVANCED BIOHEALING, INC., | |
| Defendant. | |

Upon reading the filing of Plaintiff Organogenesis, Inc.'s ("Plaintiff" or "OI"), including the accompanying declaration of Patrick Bilbo, sworn January 22 2008, with exhibits annexed thereto, the declaration of Savalle C. Sims, sworn January 24, 2008, with exhibits annexed thereto, and the summons, complaint and memorandum of law submitted therewith, and

**WHEREAS**, OI is the manufacturer, distributor, and owner of all rights in a bio-active product derived from human skin cells that is used to help heal and repair chronic sores and regenerate skin by stimulating the body's healing process known as Apligraf® ("Apligraf");

**WHEREAS**, in December 2007, OI began implementing a recall of two packaging lots of Apligraf containing a total of 177 distributed potentially contaminated units of Apligraf (the "Apligraf Recall");

TECH/565401.3

**WHEREAS**, OI sent a letter to each of its physician customers who had received an affected Apligraf unit (the "Apligraf Recall Letter");

**WHEREAS**, Defendant Advanced BioHealing, Inc. ("Defendant" or "Advanced BioHealing") has disseminated false and misleading communications regarding Apligraf and the Apligraf Recall to an unknown number of OI Apligraf customers, potential Apligraf customers, and other wound care practitioners, including the electronic mail message sent by Advanced BioHealing on January 8, 2008 and the electronic mail message sent by Advanced BioHealing on January 14, 2008 which are defined in Patrick Bilbo's declaration as the "Advanced BioHealing Communication" and the "Additional Advanced BioHealing Communication";

**WHEREAS,** the Advanced BioHealing Communication and the Additional Advanced BioHealing Communication contain false and misleading statements regarding Apligraf and the Apligraf Recall;

**WHEREAS**, Advanced BioHealing's actions have interfered with OI's implementation of the Apligraf Recall;

**WHEREAS**, Advanced BioHealing's actions have caused confusion among OI's customers;

**WHEREAS**, Advanced BioHealing's actions have potentially harmed the Apligraf Brand;

**WHEREAS,** Advanced BioHealing has caused irreparable harm to OI both with respect to hindering the Apligraf Recall specifically and injury to Apligraf generally in the marketplace;

**WHEREAS**, OI requires expedited discovery to ameliorate the irreparable harm and facilitate the Apligraf Recall;

**WHEREAS**, OI has demonstrated that an order granting OI's Motion for Expedited Discovery is proper;

It is therefore **ORDERED** that Defendant Advanced BioHealing show cause before this Court, United States Courthouse, Room 14D, 500 Pearl Street, New York, New York, on ~~Tuesday~~ 1/29/08 at a time of work by the court ___.M., or as soon thereafter as counsel can be heard, why an order for a preliminary injunction should not be entered together with a temporary restraining order pending hearing and determination of the motion for preliminary injunction:

(1) enjoining Advanced BioHealing, its officers, agents, servants, employees, and its attorneys, and all those acting in active concert or participation therewith, during the pendency of this action, from sending, transmitting, or communicating Advanced BioHealing's electronic mail message dated January 8, 2008 (the "Advanced BioHealing Communication") and Advanced BioHealing's electronic mail message dated January 14, 2008 (the "Additional Advanced BioHealing Communication") to individuals or entities whatsoever, including OI's customers;

(2) enjoining Advanced BioHealing, its officers, agents, servants, employees, and its attorneys, and all those acting in active concert or participation therewith, during the pendency of this action, from sending, transmitting, or communicating the Apligraf Recall Letter to any individuals or entities;

(3) enjoining Advanced BioHealing from interfering with the administration of the Apligraf Recall;

(4) enjoining Advanced BioHealing, its officers, agents, servants, employees, and its attorneys, and all those acting in active concert or participation therewith, during the pendency of

TECH/565401.3                                       3

this action, from disseminating or engaging in any other negative or disparaging communications regarding the Apligraf Recall;

(5) enjoining Advanced BioHealing, its officers, agents, servants, employees, and its attorneys, and all those acting in active concert or participation therewith, during the pendency of this action, from disseminating or engaging in any other negative or disparaging communications regarding Apligraf;

(6) enjoining Advanced BioHealing, its officers, agents, servants, employees, and its attorneys, and all those acting in active concert or participation therewith, during the pendency of this action, from disseminating or engaging in any negative or disparaging communications regarding Apligraf and the Apligraf Recall;

(7) requiring Advanced BioHealing to identify and disclose to OI within 2 (two) days of service of this Order all individuals and/or entities to whom it sent communications regarding Apligraf or the Apligraf Recall and all correspondence in response from such recipients;

(8) requiring Advanced BioHealing to identify and disclose to OI within 2 (two) days of service of this Order all individuals and/or entities to whom it sent the Advanced BioHealing Communication and the Additional Advanced BioHealing Communication and all correspondence in response from such recipients;

(9) requiring Advanced BioHealing to instruct all employees that they are prohibited from disseminating or engaging in any negative or disparaging communications regarding Apligraf and the Apligraf Recall; and it is further

**ORDERED** that the a hearing shall be held on the motion for preliminary injunction at the above-stated time and; and it is further

*Security in the amount of $_____ will be posted by _____ ;*

**ORDERED** that OI's Motion for Expedited Discovery is hereby **GRANTED**; and it is further

**ORDERED** that opposition papers, if any, to this motion shall be served upon counsel for Plaintiff for receipt (by hand or electronically) on or before _____, 2008, and it is further

**ORDERED** that personal service of this Order and the papers upon which it is based upon ~~Advanced BioHealing on or before~~ 1/25/08 ~~, 2008,~~ shall be deemed good and sufficient service.

**SO ORDERED**

_____
United States District Judge

Dated: 1/24 , New York
January __, 2008

Part I